108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernice Roberta KAUFMAN; Sanford Paul Kaufman, Plaintiffs-Appellants,
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK; Robert
Frankwick, Defendants-Appellees.
 No. 95-56699.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1997.*
Decided March 14, 1997.
 
 BEFORE: FARRIS, KOZINSKI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernice and Sanford Kaufman appeal the district court's grant of summary judgment in favor of Mutual Life Insurance Company of New York on their breach of contract claim on statute of limitations grounds, as well as the district court's denial of their cross motion for partial summary judgment.[1] We review de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994), apply California substantive law, State Farm Mut. Auto. Ins. Co. v. Khoe, 884 F.2d 401, 405 (9th Cir.1989), and affirm.
 
 
 3
 California applies a four year statute of limitations to breach of contract claims. Cal.Code Civ.Proc. § 337. A cause of action for breach of contract generally accrues at the time of breach. Whorton v. Dillingham, 202 Cal.App.3d 447, 456 (1988). The Kaufmans' breach of contract claim is that Mutual breached its contractual obligation under the group policy to provide them with a conversion policy containing more favorable terms. The district court held that if any such breach occurred, it occurred when Mutual issued the allegedly deficient conversion policy in 1988, approximately six years before the Kaufmans filed their complaint on August 9, 1994.
 
 
 4
 We agree that the breach, if it occurred at all, occurred in 1988. If Mutual was obligated by contract to issue the Kaufmans a conversion policy containing certain terms, it breached when it issued them a policy containing terms other than those required, and the Kaufmans acquired a cause of action for coercive relief at that time. Mutual's issuance of the allegedly deficient conversion policy was not, as the Kaufmans contend, a mere anticipatory repudiation of a future performance obligation.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Kaufmans' complaint contained five causes of action. The district court granted summary judgment on all five on statute of limitations grounds. The Kaufmans have appealed only the entry of summary judgment on their breach of contract claim and the denial of their cross motion